# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED MINE WORKERS OF AMERICA,
IINTERNATIONAL UNION,

                Plaintiff,

v.                                       CIVIL ACTION NO. 5:18-cv-01478

DAVID G. ZATEZALO, *Assistant Secretary for Labor for Mine Safety and Heath*, and
THE MINE SAFETY AND HEALTH ADMINISTRATION,

                Defendants.

### ORDER

The Court has reviewed the *Motion to Intervene* (Document 14) and the accompanying *Memorandum of Law in Support of Motion to Intervene* (Document 15) wherein Pocahontas Coal Company, LLC, ("Pocahontas") requests to intervene in this matter. For the reasons stated herein, the Court finds that the motion should be granted.

As a general rule, the Fourth Circuit favors liberal intervention, which is considered "desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks and citation omitted). The text of Rule 24(a) provides, in relevant part, that the Court must permit the intervention of a party that, on "timely motion," claims "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to

protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Fourth Circuit has interpreted Rule 24(a)(2) to require intervention where the moving party shows "(1) an interest in the subject matter of the action; (2) that the protection of the interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991), (citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)). More succinctly, the four requirements for intervention of right are timeliness, interest, impairment of ability to protect that interest, and risk of inadequate representation. *Titan Atlas Mfg. Inc. v. Sisk*, No. 1:11-cv-12, 2014 WL 837247, at *2 (W.D.Va. Mar. 4, 2014) (citing *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999)).

In this case, the United Mine Workers of America ("UMWA") filed suit against David G. Zatezalo, Assistant Secretary for Labor for Mine Safety and Health, and the Mine Safety and Health Administration ("MSHA") alleging the Defendants agreed to terminate a Notice of Pattern of Violations ("POV Notice") issued to Affinity Mine in violation of the Federal Mine Safety and Health Review Act of 1977, 30 U.S.C. § 814(e). Pocahontas is the coal operator of Affinity Mine. As the coal operator, Pocahontas argues that it could be subject to "heightened scrutiny by MSHA" and "increased penalties, which could put Pocahontas's property rights and its operation of the Mine at risk" if the Plaintiff is successful. (Mem. Supp. Mot. Intervene at 2.)

Given these facts, Pocahontas Coal Company has satisfied the requirements for intervention of right. First, the motion to intervene was filed timely. Second, as coal operator of the mine at issue, Pocahontas has an interest in the subject matter of the litigation. Third,

2

Pocahontas's interest may be impaired because the outcome of this litigation could directly impact the future use and value of its mineral interest. Finally, as operator of the mine at issue, Pocahontas has interests that are not adequately represented by either UMWA or MSHA in this litigation.

Wherefore, after thorough review and careful consideration, the Court finds that Pocahontas Coal Company, LLC, has satisfied the requirements of Rule 24(a)(2), and is entitled to intervene as a Defendant in this case as a matter of right. The Court **ORDERS** that the *Motion to Intervene* (Document 14) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 28, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA