# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

UNITED MINE WORKERS OF AMERICA,
IINTERNATIONAL UNION,

                Plaintiff,

v.                                        CIVIL ACTION NO. 5:18-cv-01478

DAVID G. ZATEZALO, *Assistant Secretary for Labor for Mine Safety and Heath*, and
THE MINE SAFETY AND HEALTH ADMINISTRATION,

                Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Complaint for Writ of Mandamus, Petition for Review, and Petition for Declaratory Judgment* (Document 1), *Defendants' Motion to Dismiss* (Document 8), *Memorandum in Support of Defendants' Motion to Dismiss* (Document 9), *Plaintiff United Mine Workers of America International Union's Response in Opposition to Defendant's Motion to Dismiss* (Document 17), *Reply in Support of Defendant's Motion to Dismiss* (Document 18), *Intervenor Pocahontas Coal Company, LLC's Motion to Dismiss* (Document 30), *Memorandum of Law in Support of Intervenor Pocahontas Coal Company, LLC's Motion to Dismiss* (Document 31), *Plaintiff United Mine Workers of America International Union's Opposition to Pocahontas' Motion to Dismiss* (Document 32), and *Reply to Plaintiff's Response to Intervenor Pocahontas Coal Company, LLC's Motion to Dismiss* (Document 33). For the reasons stated herein, the Court finds that the motions to dismiss should be granted due to lack of standing.

# FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2018, the United Mine Workers of America, International Union (UMWA) filed a complaint alleging that the Defendants unlawfully violated the statutory and regulatory requirements for terminating a Pattern of Violations (POV) at Affinity Mine. The complaint further alleges that on October 24, 2013, the Mine Safety and Health Administration (MSHA) issued a Notice of a POV to Affinity Mine, operated by Pocahontas Coal Company, LLC. Pursuant to the POV Notice and Sections 104(e)(1) and (2) of the Mine Act, MSHA began issuing withdrawal orders for Significant and Substantial (S&S) violations that it found at Affinity Mine during subsequent inspections. Pocahontas challenged the underlying POV Notice as invalid before an administrative law judge (ALJ) at the Federal Mine Safety and Health Review Commission (Commission).

Pocahontas filed a motion for summary decision and the Defendants filed a motion for partial summary decision. On November 3, 2015, the ALJ issued an Order granting the Defendants' motion for partial summary judgment and upheld the POV Notice. On December 31, 2015, Pocahontas filed a petition for discretionary review (PDR) with the Commission, challenging the POV Notice.

On July 10, 2018, Pocahontas filed a motion to dismiss its PDR because the Defendants had agreed to settle the matter by terminating the POV Notice at Affinity Mine. On July 17, 2018, Defendants filed a Response in Support of Pocahontas' Motion. On August 28, 2018, the Commission granted Pocahontas' motion to dismiss its challenge to the POV Notice.

The complaint alleges that the Defendants unlawfully terminated the POV Notice at Affinity Mine because the Mine Act allows for a termination of a POV Notice only if an inspection

of the mine reveals no S&S violations.  The complaint asserts that, since there was no inspection of Affinity Mine, termination of the POV Notice was unlawful.  The complaint alleges that this unlawful termination injured the Plaintiff by "discard[ing] the process for terminating a POV Notice contained in Section 104(e)(3) of the Mine Act and 30 C.F.R. § 104.4 of the regulations and replac[ing] it with another process that was not created by Congress or promulgated under the APA."  (Compl. at ¶ 32.)

On March 11, 2019, the Defendants submitted a motion to dismiss the complaint and an accompanying memorandum, in which the Defendants argue, *inter alia*, that the complaint fails to establish standing.  On August 29, 2019, Pocahontas Coal Company, LLC, was permitted to intervene in this matter and submitted a motion to dismiss the complaint, also alleging, *inter alia*, that the Plaintiff lacks standing.  Because the Court agrees that the Plaintiff lacks standing to bring suit, other arguments in the motions to dismiss will not be addressed.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it.  Federal courts derive their jurisdictional power to hear cases and controversies from Article III of the Federal Constitution.  It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits.  Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks."  *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *rejected on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988).

In this case, the Defendants have facially attacked the Plaintiff's complaint. A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id.* If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id.* The burden of proving subject matter jurisdiction in a motion to dismiss is on the party invoking such jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## DISCUSSION

"An organization . . . can assert standing either in its own right or as a representative of its members." *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013). To establish standing in its own right, an organizational plaintiff must show that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Southern Walk*, 713 F.3d at 182 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180−81 (2000)). "An organizational plaintiff must still demonstrate *personal* harm both traceable to the challenged provisions and redressable by a federal court." *Id.* at 183.

For an organization to establish standing as a representative of its members, it must show that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v.*

*Washington State Apple Advertising Com'n*, 432 U.S. 333, 343 (1977). The Supreme Court has consistently "required plaintiff-organizations to make specific allegations establishing that at least one identified member had suffered or would suffer harm." *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009). The type of harm necessary to satisfy the organizational standing inquiry is "immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Warth v. Seldin*, 422 U.S. 490, 511 (1975).

The UMWA's complaint asserts standing based on the allegation that the Defendants' termination of the POV Notice at Affinity Mine undermines the deterrent effect of the overall POV standard, and thereby puts UMWA members and other miners at risk through decreased safety in the nation's mines. The primary harm identified by the UMWA is not the impact on Affinity Mine itself, but the loss of deterrent effect across the entire industry. The UMWA alleges that every miner in the country is impacted when MSHA acts in a way that lessens the effectiveness of the POV standard.

This showing, however, falls short of satisfying the standing requirements for UMWA to establish standing in its own right. First, the UMWA has not demonstrated injury in fact resulting from termination of the POV Notice at Affinity Mine. The injury alleged is that, by circumventing the normal statutory and regulatory route for terminating a POV notice, the Defendants have degraded the overall deterrent effect of POV notices and thereby made mining more dangerous for miners across the country. Generalized degradation of the deterrent effect of the POV standard is not an imminent harm, and the alleged potential harm to miners resulting from loss of such deterrence is even more attenuated. In other words, it is not certain that such

5

generalized degradation of the POV standard will, in fact, occur as a result of the termination of the POV Notice at Affinity Mine.

Second, it is not clear that termination of POV Notice at Affinity Mine is fairly traceable to the harm alleged. There is not a sufficient connection between termination of a POV Notice at Affinity Mine in this case and the strength of the overall deterrent effect of POV notices at mines across the country. As such, the Plaintiff has not satisfied the second prong of the standing inquiry.

Last, it is not likely that a finding for the UMWA will address the UMWA's concern about the strength of the POV standard nationwide. A finding that the POV Notice at one mine was terminated unlawfully will not necessarily bolster the nationwide POV standard in any significant way. As such, it is not likely that the Plaintiff's alleged harm will be redressed by a judgment from this Court.

The Plaintiff also lacks standing as a representative of its members because the UMWA does not have any members with standing to sue in their own right. No members of the UMWA are employed at Affinity Mine. As a result, UMWA's individual members are no closer to the alleged harm than the UMWA is as an organization. Therefore, the standing analysis noted above applies to demonstrate that UMWA also lacks standing to sue as a representative of its members.

The Court finds that the UMWA lacks standing to sue as an organization in its own right or to sue on behalf of its members. Therefore, the complaint must be dismissed.

**CONCLUSION**

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss* (Document 8) and the *Intervenor Pocahontas Coal Company, LLC's Motion to Dismiss* (Document 30) be **GRANTED**. The Court further **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket. Any pending motions are hereby **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 16, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA